IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JOVAN P. CUNNINGHAM,
        Petitioner,

v.                                  Civil Action No.: 3:19-CV-168

R. HUDGINS, WARDEN,
        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On 9, Petitioner, an inmate at FCI Gilmer, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") challenging the calculation of his sentence, specifically jail credit to which he claims he is entitled. ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

### II.   FACTUAL AND PROCEDURAL HISTORY

**A. Conviction and Sentence[2]**

On November 3, 2015, a superseding indictment was returned in case number

---

[1] ECF Numbers cited herein refer to case number 3:19-CV-168 unless otherwise noted.

[2] Throughout section II.A. all ECF numbers refer to entries in the docket of Criminal Action No. 2:15-CR-83 from the Eastern District of Wisconsin, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

2:15-CR-83 in the Eastern District of Wisconsin, which charged Petitioner[3] with four counts of various crimes related to distribution of a controlled substance. ECF No. 83. On June 28, 2016, the Government filed an information which charged Petitioner with conspiracy to distribute more than 100 grams of heroin, a Schedule I controlled substance. ECF No. 185. That same date, a plea agreement was filed with the Court whereby Petitioner agreed to enter a guilty plea to the information, and the Government agreed to dismiss the him in the counts of the superseding indictment in which he was charged. ECF No. 186 at 2 – 3, ¶¶ 4, 5, 8. On July 26, 2016, Petitioner entered his plea of guilty to the information. ECF No. 226. On October 20, 2016, Petitioner was sentenced to 90 months of incarceration. ECF No. 279.

On February 1, 2019, the Federal Bureau of Prisons sent a letter to the court of conviction which letter requested the Court's position on a retroactive designation to make Petitioner's federal sentence concurrent with a subsequently imposed state sentence[4]. ECF No. 300.

The Court entered an order on April 11, 2019, which summarized the state of the case as follows:

> The United States Probation Office reviewed the file and provided the Court with information relevant to the BOP's question. . . While Cunningham was released on bond for the offense in this case, he was arrested and detained on new state charges. Cunningham remained in state custody from the time of his arrest on May 27, 2016 through sentencing in this case. At sentencing, the Court did not indicate whether Cunningham's federal sentence was to run concurrent with or

---

[3] Seven co-defendants were charged along with Petitioner in the superseding indictment. Petitioner was charged in Counts 1, 3, 5 and 10 of the superseding indictment. ECF No. 83.

[4] According to the letter from the BOP, "On November 2, 2016, Mr. Cunningham was sentenced by the State of Wisconsin to a 1-year and 6-month term of imprisonment for Second Degree Recklessly Endangering Safety in Case Number 2016CR002339." ECF No. 300 at 2.

> consecutive to his pending state sentence.
> Subsequently, on November 2, 2016, Cunningham was sentenced in Milwaukee County Circuit Court Case No. 16CF2339 to an 18-month term of imprisonment for second degree recklessly endangering safety. The criminal conduct in that case is not relevant conduct for the federal offense. The Milwaukee County judge ordered Cunningham's sentence to run consecutively to the federal sentence in this case.
> On May 1, 2018, Cunningham completed his state sentence, and he was released to the federal detainer to commence the service of his sentence in this case. His federal jail credit started on May 2, 2018, and his projected release cate is May 23, 2024.
> Cunningham's sentence in this case will operate to run consecutively to the state sentence he served in Milwaukee County Circuit Court Case No. 16CF2339. At the time of sentencing in this case, Cunningham had not yet received his state sentence, so there was no need for this Court to consider whether the federal and state sentences would run consecutively. The Milwaukee County judge who imposed Cunningham's state sentence expressly ordered that the sentences run consecutively. The Court sees no reason to upset that order by amending the federal sentence.

ECF No. 301.

**B.     Appeal**

A review of PACER shows that Petitioner did not appeal his conviction or sentence.

**C.     Instant Petition for Habeas Corpus Under § 2241**

Petitioner filed the instant petition[5] for habeas corpus on October 7, 2019, along with copies of grievances he filed regarding his sentence. ECF Nos. 1, 1-1. Petitioner claims that he was "originally sentenced. . . to a concurrent sentence with [his] state

---

[5] Although Petitioner used the Court-approved form to file his petition, he did not comply with the Local Rules of Prisoner Litigation Procedure in completing that form, directing the Court to "See attached memorandum of law" [ECF No. 1 at 5 – 6], instead of asserting grounds for relief or providing supporting facts therefor. Despite Petitioner's failure to comply with the Local Rules, the Court has reviewed and considered all of the pleadings filed by Petitioner.

3

sentence." ECF No. 1 at 5. Petitioner further asserts that "the central B.O.P. office stated they were going to query the federal court [regarding] the concurrent sentence. Nothing has happened and now some 5 months later, I sit and wait." Id. Petitioner asks this court "to verify that my federal and state sentences are concurrent and that the 18 month jail credit be awarded to me." Id. at 8.

### III. LEGAL STANDARD

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable

merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV. ANALYSIS

The United States Supreme Court has long recognized that 18 U.S.C. § 3585(b)

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

does not authorize a district court to compute a defendant's jail credit at sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992). Rather, it is the United States Attorney General, acting through the BOP, who is responsible for computing an inmate's term of confinement. This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing. Id. at 333. In making this computation, the BOP must adhere to 18 U.S.C. § 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the defendant was arrested; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In Wilson, the Supreme Court expressly rejected Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing, reasoning that:

> Section 3585 indicates that a defendant may receive credit against a sentence that "*was imposed*." It also specifies that the amount of the credit depends on the time that the defendant "*has spent*" in official detention "prior to the date the sentence commences." Congress' use of a verb tense is significant in construing statutes. By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant

6

>begins his sentence. A district court, therefore, cannot apply
>§ 3585(b) at sentencing.

Wilson, supra, at 333 (emphasis in original, internal citations omitted).

In the instant case, the Petitioner is seeking credit for the time he spent in state custody in Wisconsin, before he was released to commence his federal sentence in the Eastern District of Wisconsin. Petitioner incorrectly asserts that the federal district court imposed a concurrent sentence. ECF No. 1 at 5. However, not only did the federal district court not impose a concurrent sentence with the state sentence, it was impossible for the federal district court to have done so because the state sentence was imposed on November 2, 2016, thirteen days after Petitioner was sentenced in federal court. Moreover, the federal district court was contacted by the Bureau of Prisons regarding whether the federal sentence should be imposed consecutively or concurrently with Petitioner's state sentence, and the presiding judge in Eastern District of Wisconsin ordered that defendant's sentences should be served consecutively to one another.[7] E.D.Wis. 2:15-CR-83, ECF No. 301.

Petitioner's service of his state sentence in Wisconsin prohibited him from receiving credit for simultaneous custody credit for his federal sentence. Consistent with 18 U.S.C. § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." Because Petitioner's was in detention in state custody until May 1, 2018, he was not entitled to credit toward his federal sentence from his date of sentencing until he was released from

---

[7] Further, the Milwaukee County Circuit Court judge ordered that Petitioner's state sentence run consecutively to his federal sentence. ECF No. 301.

7

state custody.  Accordingly, Petitioner has received all custody credit to which he was entitled, and his request for relief is without merit.

Further, Petitioner's argument that he is entitled to 18 months of credit for time he served in state custody in Wisconsin has previously been presented to the Eastern District of Wisconsin and rejected by that Court.

## IV.    RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

I further **RECOMMEND** that Petitioner's motion for leave to proceed without prepayment of fees [ECF No. 2] be **TERMINATED as MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** October 8, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE