## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**JOVAN P. CUNNINGHAM,**

        Petitioner,

**v.**                                 **CIVIL ACTION NO.: 3:19-CV-168 (GROH)**

**WARDEN R. HUDGINS,**

        Respondent.

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 6] on October 8, 2019. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

## I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>United States v. Schronce</u>, 727 F.2d 91,

94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   The Petitioner accepted service of Magistrate Judge Trumble's R&R on June 7, 2019.   ECF No. 7.   The Petitioner filed his objections on June 17, 2019.   ECF No. 8.   Accordingly, this Court will review the portions of the R&R to which the Petitioner objects *de novo*.

## II. Background

On October 7, 2019, the Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.   ECF No. 1.   Therein, the Petitioner requests jail credit for an 18-month state sentence served in Milwaukee County Circuit Court Case No. 16CF2339.   In support, the Petitioner avers that the Eastern District of Wisconsin, the federal sentencing court in this matter, ordered that his federal and state sentences run concurrently.

## III. Applicable Law

Pursuant to 28 U.S.C. § 2241, a prisoner may file a writ of habeas corpus attacking the computation and execution of his sentence rather than the sentence itself.   U.S. v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).   A prisoner's § 2241 petition should be reviewed in the district of confinement, not the sentencing court.   Id.   Prisoners have appropriately used § 2241 petitions to challenge "the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly the expiration of a sentence."   Dailey v. Perdue, 2012 WL 5306244, at *2 (N.D.W. Va. Oct. 4, 2012), report and recommendation adopted, 2012 WL 5336952 (N.D.W. Va. Oct. 25, 2012).

Title 18, United States Code, Section 3585(b) governs the calculation of a term of imprisonment and provides:

> (b) Credit for Prior Custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In other words, for a petitioner to receive credit for previous time served under § 3585(b), "a determination must necessarily have already been made that such previous time served before the federal sentence commenced under § 3585(a) and that such time was not already credited against another sentence." Johnson v. Deboo, 2009 WL 3583695, at *2 (N.D.W. Va. Oct. 26, 2009), aff'd, 384 F. App'x 270 (4th Cir. 2010).

## IV. Analysis

In this case, Magistrate Judge Trumble found the Petitioner is not entitled to jail credit for time served in state custody because the federal district court did not impose a concurrent sentence. U.S. District Judge J.P. Stadtmueller, who presided over the Petitioner's sentencing, ordered that Petitioner's federal sentence will "run consecutively to the state sentence he served in Milwaukee County Circuit Court Case No. 16CF2339." See E.D. Wis. 2:15-CR-83, ECF No. 301 at 2. Moreover, Judge Trumble notes that it was impossible for Judge Stadtmueller to impose a concurrent sentence based on the timing of the federal sentence in relation to the state sentence. In this case, the state

sentence was imposed thirteen days after the federal sentence. Finally, Judge Trumble finds that the plain language of § 3585(b) precludes the Petitioner's entitlement to additional jail credit because he was already in custody, receiving credit for his state sentence.

In his objections, the Petitioner points to the Bureau of Prisons' ("BOP") response to his Central Office Administrative Remedy Appeal, dated April 19, 2019, in which he was notified that the BOP would "seek the position of the federal sentencing court as it pertains to [his] federal sentence operating concurrently with [his] state sentence." See ECF No. 1-1 at 4. The Petitioner notes that federal sentencing court, nor the BOP, has responded since this date. Furthermore, the Petitioner provides a letter from a Corrections Sentencing Associate to Milwaukee County Circuit Court Judge Dennis R. Cimpl, dated February 16, 2017, stating that "[i]n computing the release dates for this [state] sentence, Mr. Cunningham's federal sentence will run concurrent with Milwaukee County case 16CF2339." See ECF No. 10-1.

Here, the Petitioner was in state custody for nearly five months before receiving his federal sentence on October 20, 2016. Thirteen days later, on November 2, 2016, the Petitioner was sentenced to eighteen months in state court. The Fourth Circuit holds that "[w]hen a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." United States v. Evans, 159 F.3d 908, 911–12 (4th Cir. 1998). The BOP did not make any such designation, but rather inquired to the federal sentencing court for

guidance on how the Petitioner's federal sentence should run with respect to his state sentence. The federal sentencing court was very clear in its order that the federal sentence should run consecutive to the state sentence. This order is consistent with § 3585(b) because the state sentence was imposed after the federal sentence. It is clearly established that federal courts do not have the authority to designate the relationship of its sentence to another sentence that has not yet been imposed in another court. Johnson, 2009 WL at *3. Therefore, based on the timing of his federal and state sentences and the federal sentencing court's guidance on this issue, the Petitioner is not entitled to jail credit for his state sentence.

## V. Conclusion

For the reasons provided herein, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 6] should be, and is hereby, **ORDERED ADOPTED**. Therefore, the Petitioner's § 2241 Petition [ECF No. 1] and Motion for Leave to Proceed In Forma Pauperis [ECF No. 2] are hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** December 10, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE